IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANISLAV BOLDYRYEV, | ) | CASE NO. 1:10CV2016 |
| | ) | |
| Petitioner, | ) | JUDGE GWIN |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| ERIC HOLDER, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

    This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Petitioner, Stanislav Boldyryev ("Boldyryev"), filed a petition in habeas corpus seeking his release from detention pending his removal from the United States because removal to his native country, the Ukraine, or to any other country, was not significantly likely to occur in the reasonably foreseeable future. Before the court is the motion of respondent to dismiss the Boldyryev's petition on the grounds that Boldyryev is no longer in respondent's custody. Doc. No. 10. Boldyryev does not oppose this motion.

I

  Title 28 U.S.C. § 2241 provides in relevant part as follows:

  (c) The writ of habeas corpus shall not extend to a prisoner unless--

    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

        (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States;  or

        (3) He is in custody in violation of the Constitution or laws or treaties of the United States;  or

        (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations;  or

        (5) It is necessary to bring him into court to testify or for trial.

Respondent argues that as Boldyryev is not longer in custody, his petition for habeas relief is moot.[1] Respondent avers that Boldyryev was released from the custody of United States Immigration and Customs Enforcement ("ICE") on December 10, 2010. Respondent attaches to his motion a Release Notification, stamped December 5, 2010, a proof of service of the release on Boldyryev, and an order for Boldyryev's release from the Maple Heights City Jail.

Boldyryev does not oppose respondent's motion.[2] As petitioner does not oppose

---

[1] The court's jurisdiction is not at issue.  Federal jurisdiction attaches on a petition for a writ of habeas corpus when a petitioner in custody files for the writ.  Jurisdiction is not defeated solely by the release of the petitioner before completion of proceedings on the application.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

[2] When petitioner continues to suffer "collateral consequences" of an imposed sentence sufficient to give the petitioner "a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him," the cause is not moot. *Id.* at 237 (quoting *Fiswick v. United States*, 329 U.S. 211, 222).  Collateral consequences are sufficient to avoid mootness when they are severe, immediate (i.e., not speculative), and not shared by the public generally. *Hensley v. Municipal Court*, 411 U.S. 345, 351-52 (1973); *see also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 319-20 (1984). As Boldyryev does not oppose the motion, no party has argued that the "collateral consequences" surrounding his release are sufficient to maintain him in custody for purposes of § 2241.

the motion, respondent's motion to dismiss as moot Boldyryev's petition for habeas relief should be granted.

II

For the reasons described above, respondent's motion to dismiss Boldyryev's petition should be granted and the petition dismissed with prejudice.

Date: February 4, 2011 /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

### **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**